## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| MORRISON MANAGEMENT<br>SPECIALISTS, INC. | ) | |
| | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 8:11-cv-660-T-30TGW |
| LVDC, INC., individually and d/b/a | ) | |
| Morrison's Buffet & Grill | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LANG TUYET THI VO, individually and | ) | |
| d/b/a Morrison's Buffet & Grill | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER OF FINAL JUDGMENT AND PERMANENT INJUNCTION BY DEFAULT AGAINST DEFENDANTS LVDC, INC. AND LANG TUYET THI VO INDIVIDUALLY AND D/B/A MORRISON'S BUFFET AND GRILL

This matter comes before the Court on the Motion (Dkt. #15) for Entry of Final Judgment and Permanent Injunction by Default against Defendants LVDC, Inc. and Lang Tuyet Thi Vo, individually and collectively doing business as "Morrison's Buffet & Grill" (hereinafter "Defendants"), filed June 9, 2011 (the "Motion"), by Plaintiff Morrison Management Specialists, Inc. ("Plaintiff").

The Court has reviewed Plaintiff's Motion, together with its Brief in Support thereof, and the other supporting materials submitted with the Motion or previously filed with the Court. Based upon those materials, and upon the proceedings previously had in this Civil Action, Plaintiff's Motion (Dkt. #15) is hereby **GRANTED**, and, in support of the final

judgment and permanent injunction by default entered herein, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

### Jurisdictional and Procedural History

1. Plaintiff commenced this action on March 29, 2011, with the filing of its Complaint. (Docket Entry No. 1). In the Complaint, Plaintiff alleged three claims for relief: federal infringement under the Lanham Act, 15 U.S.C. § 1114; unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); and common law unfair competition and trademark infringement under Florida law.

2. On April 6, 2011, Defendant Lang Tuyet Thi Vo and LVDC, Inc. were duly served with a copy of the Complaint, together with a properly issued Summons, by hand delivery at Defendant Vo's place of residence at 2305 Clubhouse Dr., Plant City, Florida 33566. (Docket Entry Nos. 5-7). In addition, on April 6, 2011, a copy of the Complaint, together with a properly issued Summons, was effected on Defendant LVDC, Inc. by hand delivery to the manager of Morrison's Buffet & Grill, Don Cao (a/k/a Dung Cao or Van Cao Dung), located at 6515 14th St. W., Bradenton, Florida 34207. *Id.*

3. Defendants were required to serve their answer to the Complaint on or before April 27, 2011. Defendants' deadline to respond to the Complaint passed and Defendants did not file or serve an answer, nor did Defendants file or serve a motion pursuant to Rule 12 of the Federal Rules

2

of Civil Procedure. (Docket Entry No. 10-1). On May 4, 2011, Plaintiff filed a motion for entry of default against Defendants. (Docket Entry No. 10).

4. On May 5, 2011, this Court entered an order entering Defendants' default, pursuant to Fed. R. Civ. P. 55(a) (Docket Entry Nos. 11 and 12).

5. On June 9, 2011, Plaintiff filed the instant Motion for entry of final judgment, and for a permanent injunction, against Defendants.

6. Pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, this Court has subject matter jurisdiction over Plaintiff's claims of infringement of its federally registered service mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125. This Court has jurisdiction over Plaintiff's related common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367. In addition, this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. This Court has personal jurisdiction over Defendants because Defendants reside in this state, do business in this state, have committed tortious acts in this state, and have otherwise established contacts with this state making the exercise of personal jurisdiction proper. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) & (2) because

3

Defendants reside in this District, and a substantial part of the events or omissions giving rise to the action occurred in this District.

### Plaintiff's Business and Trademark

7.   Plaintiff is an operator of various restaurant and contract food service businesses which operate under marks consisting of or incorporating the terms MORRISON or MORRISON'S ("the MORRISON Marks"). Since the 1920s, Plaintiff—through its predecessors in interest and its exclusive licensee Piccadilly Restaurants, LLC (collectively Plaintiff's "Related Entities")—has operated a popular chain of cafeteria-style restaurants under the service mark MORRISON'S®. In addition to its well-established restaurant services, since 1999 Plaintiff has provided contract food services, food preparation, and nutritional counseling services under various of the MORRISON Marks, including MORRISON HEALTHCARE FOOD SERVICES®, MORRISON MANAGEMENT SPECIALISTS®, and MORRISON SENIOR DINING®. Each authorized location that uses one or more of the MORRISON Marks is operated either by Plaintiff directly or pursuant to a written license agreement by which Plaintiff imposes certain obligations and retains certain rights to help ensure the protection of Plaintiff's MORRISON Marks and the uniform quality of services provided by its licensees.

8.   Plaintiff owns the following trademark registrations for the MORRISON Marks on the Principal Register of the United States Patent and Trademark Office:

4

| Mark | Reg. No. | Services |
|------|----------|----------|
| MORRISON'S | 1,006,514 | Class 42:  cafeteria services |
| MORRISON | 2,909,530 | Class 35:  management and operation of a business for others, namely restaurants, cafeterias, cafes, and snack bars, all in the field of heath care<br>Class 43:  contract food services and food preparation services, all in the field of heath care |
| MORRISON'S FRESH COOKING | 2,970,098 | Class 43:  restaurant services |
|  | 2,970,097 | Class 43:  restaurant services |
| MORRISON'S FRESH COOKING TO-GO | 2,970,096 | Class 43:  take-out restaurant services |
|  | 2,970,062 | Class 43:  take-out restaurant services |
| MORRISON MANAGEMENT SPECIALISTS | 2,909,529 | Class 43:  contract food services and food preparation services, all in the field of health care<br>Class 44:  nutrition counseling services in the field of healthcare |
| MORRISON HEALTHCARE FOOD SERVICES | 2,909,531 | Class 43:  contract food services and food preparation services, all in the field of health care<br>Class 44:  nutrition counseling services in the field of healthcare |
| MORRISON SENIOR DINING | 2,909,532 | Class 43:  contract food services and food preparation services, all in the field of health care |

| | | Class 44:  nutrition counseling services in the field of healthcare |
|---|---|---|

These registrations have become incontestable pursuant to 15 U.S.C. § 1065 as the marks have been in continuous use in commerce for more than five years from the date of registration, and the required affidavits of incontestability have been filed with the U.S. Patent and Trademark Office.

### Defendants' Unlawful Conduct

9.  Defendants operate or have operated—without Plaintiff's authorization—a restaurant located at 6515 14th Street West in Bradenton, Florida under the name "Morrison's Buffet and Grill" (the "Bradenton Restaurant").  The restaurant services provided by Defendants in connection with this business are identical or highly related to, and compete directly with, the services offered by Plaintiff and its Related Entities under the MORRISON Marks.

10. In connection with these services, and without Plaintiff's authorization, Defendants have used internal and external signage for their restaurants that incorporate Plaintiff's MORRISON Marks, or colorable imitations thereof, to imply that the Defendants' restaurants are associated with or licensed by Plaintiff, when such is not the case.  Defendants have included the ® symbol next to the term "MORRISON'S" in its signage, misleading consumers to believe that Defendants own a federal registration for this mark, which they do not.  Defendants direct the website located at

6

http://morrissonsbuffetgrill.com, which provides information about Defendants' "Morrison's Buffet and Grill" restaurant located in Bradenton, Florida.

11. At the time Defendants first adopted and commenced use of the designation "Morrison's Buffet & Grill," Defendants were fully aware of Plaintiff's MORRISON Marks and of the preexisting and senior rights of Plaintiff in those marks.

12. Patrons at Defendant's restaurant are incorrectly advised by the staff that the restaurant is affiliated with MORRISON'S® cafeteria and even uses the same recipes.

13. Defendants' continued operation of their business under the confusingly similar "Morrison's Buffet & Grill" designation has created and will continue to create a likelihood of consumer confusion as to the source, origin, sponsorship, or affiliation of Defendants' business(es) and their services with Plaintiff and its Related Entities.

14. Defendants' conduct harms and damages Plaintiff's goodwill and reputation as symbolized by the MORRISON Marks.

15. Defendants' continued infringement of Plaintiff's rights, including the use, despite notice, of confusingly similar imitations of Plaintiff's MORRISON Marks, has been willful, fraudulent, and malicious.

16. The manager of the Bradenton Restaurant is Dung Cao a/k/a "Don Cao" and/or "Van Cao Dung" (hereinafter "Mr. Cao.").

7

17. Mr. Cao, Jonneson Cong Vo and Thanh Van Vo have also been involved in operating restaurants at various locations in Florida that, without Plaintiff's authorization, have utilized the names "Morrison's Countryside Buffet" or "Morrison's Buffet & Grill."

18. Jonneson Cong Vo and Thanh Van Vo are brothers of Defendant Lang Tuyet Thi Vo.

19. Defendant Vo, her brothers, and Mr. Cao have engaged in a pattern of operating restaurants using the "Morrison" name and mark as part of a "family business."

20. Plaintiff has incurred total attorneys' fees and expenses in connection with this action in the amount of $34,824.23.

## CONCLUSIONS OF LAW

1.    Plaintiff owns superior rights in the MORRISON Marks, and Defendants' unauthorized use of the MORRISON Marks is likely to cause consumer confusion as to the source, origin, or affiliation of Defendants' services. Plaintiff has therefore established a *prima facie* case against Defendants of infringement of Plaintiff's registered MORRISON Marks, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. *See Ferrellgas Partners, L.P. v. Barrow*, 143 Fed. App. 180, 186 (11th Cir. 2005); *Dunkin' Donuts Franchised Rests. LLC v. D & D Donuts, Inc.*, 566 F. Supp. 2d 1350, 1360 (M.D. Fla. 2008) (citing *Dieter v. B & H Indus. of Southwest Fla., Inc.*, 880 F.2d 322, 326 (11th Cir. 1989)).

2.    For the reasons set forth above, Plaintiff also has established a *prima facie* case of unfair competition by false designation of origin under Section 43(a) of the Lanham Act,

15 U.S.C. § 1125(a).  *See Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1181 (11th Cir. 1994) (citing *Marathon Mfg. Co. v. Enerlite Prods. Corp.*, 767 F.2d 214, 217 (5th Cir. 1985)).

3.    Defendants' conduct also constitutes unfair competition under the common law of the State of Florida.  *See Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 n.4 (11th Cir. 2001); *Prof'l Golfers Ass'n of Am. v. Bankers Life & Casualty Co.*, 514 F.2d 665, 671 (5th Cir. 1975).

4.    As a direct and proximate result of Defendants' unlawful activities described above, Plaintiff has suffered, and will continue to suffer, irreparable damages and inherently unquantifiable injury and harm to its business, reputation, and customer goodwill.  Such conduct has impaired and, unless enjoined, will continue to impair the ability of Plaintiff to operate successfully in the Florida area.  Consequently, Plaintiff is entitled to permanent injunctive relief against Defendants.

5.    Defendants have undertaken the foregoing actions with an intention to trade on the goodwill Plaintiff has established in the MORRISON Marks and to mislead and deceive the general public into believing that Defendants' business is affiliated with Plaintiff.  In doing so, Defendants have intentionally exploited Plaintiff's goodwill and reputation for their own personal financial benefit.  Defendants' infringement of the MORRISON Marks, and their acts of unfair competition, have been deliberate, willful, and in bad faith.  Consequently, the Court finds this is an exceptional case pursuant to 15 U.S.C. § 1117(a).

6.    As a measure of its damages, Plaintiff has sought a monetary award in the amount of its reasonable attorneys' fees and expenses incurred in connection with this action.

Such an award is appropriate in lieu of an award of damages or a disgorgement of Defendants' profits.

7.     The amount of attorneys' fees and expenses, in the sum of $34,824.23, as submitted by Plaintiff, constitutes a reasonable attorneys' fee pursuant to *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

## PERMANENT INJUNCTION AND ORDER

Based on the preceding Findings of Fact and Conclusions of Law, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

1.     Defendants and all affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in active concert or participation with Defendants, and each of them, including but not limited to Dung Cao, Jonneson Cong Vo and Thanh Van Vo, pursuant to the powers granted to this Court by 15 U.S.C. § 1116 and relevant state statutes, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

> a)     using the name and mark "Morrison" or "Morrison's," and any other confusingly similar imitations of Plaintiff's MORRISON Marks, including but not limited to "Morrison's Buffet and Grill" and "Morrison's Countryside Buffet," in connection with Defendants' businesses or services (including without limitation use of the above-referenced designations within the phrase "formerly known as . . ."); and

b)     using any trademark, service mark, name, logo, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to, or in any way similar to, the trademarks, service marks, names, or logos, of Plaintiff, or is likely to cause confusion, mistake, deception, or public misunderstanding that Defendants' businesses or services are the business or services of Plaintiff or Plaintiff's authorized licensees, or are sponsored by or in any way related to Plaintiff.

2.     Defendants are hereby **ORDERED** to destroy all labels, signs, packages, receptacles, advertising, promotional materials or the like in the possession, custody, or control of Defendants that display the name and mark "Morrison" or "Morrison's," or that are colorable imitations of Plaintiff's MORRISON Marks, including without limitation "Morrison's Buffet & Grill" and "Morrison's Countryside Buffet."

3.     Plaintiff shall recover from Defendants the sum of $34,824.23, representing Plaintiff's reasonable attorneys' fees and expenses incurred in connection with this Civil Action.

4.     The Clerk shall enter a judgment of $34,824.23 in Plaintiff's favor and against Defendants.

5.     This Court shall retain jurisdiction over this matter for a period of one (1) year from the date of this Judgment to enforce a violation of this Judgment's terms.  If any such violation occurs, the Court shall award, (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate Plaintiff for such breach; as well as (b) injunctive relief enjoining any further breach of this Order, or such modifications to the

11

present Order as the Court deems appropriate; (c) attorneys' fees, costs and disbursements, as

determined by the Court; and (d) such other relief as the Court deems just and proper.

It is SO ORDERED, this the ___15___ day of __June__, 2011.

_____

United States District Judge